UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRU FLOREA and
STEPHEN J. CAMPION,

     Plaintiffs,

v.                               Case No. 8:25-cv-628-TPB-TGW

HASH MAP LABS, INC., d/b/a
APP ACADEMY and KUSH PATEL,

     Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN
PART "DEFENDANT APP ACADEMY'S "RENEWED MOTION TO COMPEL
ARBITRATION AND STAY THIS ACTION PENDING THE OUTCOME OF
ARBITRATION AND MOTION TO TRANSFER VENUE"**

This matter is before the Court on "Defendant APP Academy's "Renewed Motion to Compel Arbitration and Stay This Action Pending the Outcome of Arbitration and Motion to Transfer Venue and Incorporated Memorandum of Law," filed on October 8, 2025. (Doc. 25). Plaintiffs filed a response in opposition on October 22, 2025. (Doc. 29). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

This case concerns an online educational program described by the Plaintiffs as a software engineering coding bootcamp. In this purported class action, Plaintiffs Alexandru Florea and Stephen J. Campion have sued Defendant Hash Map Labs, Inc. d/b/a/ APP Academy and Kush Patel (an individual), asserting that Defendants

Page 1 of 6

knowingly and intentionally lured Plaintiffs (along with hundreds of other students) into a nationwide fraudulent scheme where they falsely represented that enrollment in the "expensive" coding bootcamp would "guarantee job placement upon completion."[1]  Plaintiffs claim that they entered into individual contracts based on the representation that the program would be delivered in a specific structure and within a defined timeframe, but Defendants made substantial and unexpected changes to the course structure – including fewer resources, reduced staffing and inadequate support systems – that adversely affected students' experiences.  Plaintiffs generally allege that Defendants' actions misled students about the quality and outcomes associated with the program, resulting in financial and personal harm.

On March 15, 2025, Plaintiffs filed the instant lawsuit in the Middle District of Florida, asserting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* (Doc. 1).  Plaintiffs filed an amended complaint on September 24, 2025.  *See* (Doc. 24).  Defendant has (1) moved to compel arbitration, or alternatively, to transfer venue, and (2) moved to dismiss for failure to state a claim.  *See* (Docs. 25; 26).  The parties have focused most of their energies arguing about whether the proper forum for resolving this dispute is arbitration or a court.  As explained below, this Court does not reach that question because this case was obviously filed in the wrong venue in the first instance.

---

[1] The Court has dismissed Plaintiffs' claims against Kush Patel without prejudice due to lack of service.  *See* (Doc. 34).  For purposes of this Order, the term "Defendant" will refer to Hash Map Labs, Inc. d/b/a/ APP Academy.

## Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

When a valid forum selection clause is present and applicable to the dispute brought, the analysis of whether to transfer venue changes. First, the plaintiff's choice of forum after the dispute arises should not be considered. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). Second, courts should also not consider arguments about the parties' private interests, such as convenience, in determining whether to transfer. *Id*. at 64. Third and finally, where a party flouts their contractual obligations under a forum selection clause and files suit in a different venue, "transfer of venue will not carry with it the original venue's choice-of-law rules." *Id*. Furthermore, forum selection clauses are presumptively valid. *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). Valid forum selection clauses should be "given controlling weight in all but the most exceptional cases" and plaintiffs "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id*. at 63-64 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

<u>**Analysis**</u>

Both sides agree that at least part of this dispute is governed by a written contract they have labeled an "Enrollment Agreement." The contract, which Plaintiffs attached to both their initial complaint and their amended complaint, concerns enrollment in Defendant's educational program and contains the following provisions:

> **<u>GOVERNING LAW</u>**
>
> This agreement shall be governed by, and construed in accordance with, the law of the state of California, without reference to principles of conflicts of law.
>
> **<u>JURISDICTION</u>**
>
> Any action or proceeding arising out of or relating to this agreement *must be brought in the courts of the State of California, San Francisco County, and the United States Federal District Court or the Northern District of California.* Each of the parties hereto agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforce din other jurisdictions by suit on the judgment or in any other manner provided by law. Each of the parties submits to the jurisdiction of the above courts and irrevocably waives, to the fullest extent permitted by applicable law, any defenses each may have as to jurisdiction, venue or forum in any such court. (emphasis added)

*See* (Docs. 1; 24). The claims in this case, including Plaintiffs' RICO claims, arise directly from Plaintiffs' enrollment in and participation in the program that is the subject of this contract and therefore fall squarely within the scope of the forum selection clause. *See Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1299 (11th Cir. 2021) (holding that broad forum selection clauses extending to "any issues or disputes arising out of or in connection with" the agreement also encompassed civil RICO claims).

A forum selection clause is presumptively valid and enforceable, unless the plaintiff makes a "strong showing" that enforcement of the forum selection clause would be "unfair or unreasonable under the circumstances." *Krenkel*, 579 F.3d at 1281. Plaintiffs concede that California law governs this dispute, and that any lawsuit must be brought in California. (Doc. 29 at ¶¶ 4; 13). In view of this seemingly obvious contractual venue requirement, it is unclear why they attempted to file this case in the Middle District of Florida in the first place. In their response in opposition to the instant motion, Plaintiffs do not even directly address whether the case should be transferred – they instead focus on whether the arbitration agreement is enforceable. But whether the dispute is subject to mandatory arbitration will be for a California court to determine.

Because the forum selection clause is enforceable and applicable to the claims brought by Plaintiffs, the clause must be enforced, and the case must be transferred to the Northern District of California. Based on this ruling, the Court does not address the instant motion to the extent it seeks to compel arbitration.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant APP Academy's "Renewed Motion to Compel Arbitration and Stay This Action Pending the Outcome of Arbitration and Motion to Transfer Venue and Incorporated Memorandum of Law" (Doc. 25) is hereby **GRANTED** to the extent that this case will be transferred pursuant to the mandatory forum selection clause. The motion is otherwise denied without prejudice to any right Defendants may have to seek to compel arbitration in the appropriate forum.

2. The Clerk is directed to **TRANSFER** this case to the San Francisco Division of the Northern District of California for all further proceedings.

3. Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of February, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE